UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>-against-<br><br>METRO DATA MANAGEMENT, INC. d/b/a DATA MARKETING GROUP, LTD., KEITHA ROCCO, individually and as an Officer of Metro Data Management, Inc., and 9097 9394 INFOGEST, QUEBEC INC. d/b/a INFOGEST DIRECT MARKETING, MARY THANOS, DANIEL SOUSSE, PHILIP LETT, DESTINY RESEARCH CENTER, LTD., MARTIN DETTLING, MARIA DUVAL, and PATRICK GUERIN.<br><br>    Defendants. | Civil Action No. 2:14-CV-06791 (SJF) (GRB)<br><br>**AMENDED ANSWER TO FIRST AMENDED COMPLAINT** |

For its answer, Defendant 9097-9394 Quebec Inc. d/b/a Infogest Direct Marketing, incorrectly sued as 9097 9394 Infogest, Quebec Inc. ("Infogest"), through its undersigned counsel, hereby answers the allegations in the Amended Complaint, for itself and no others, as follows:

1.   States that paragraph 1 of the Amended Complaint asserts a legal position to which no response is required and is therefore denied.

2.   Denied.

3.   Infogest admits that, on behalf of a third party marketing company and under its direction and control, it has arranged to send direct mail solicitations to customers in the United States and has received responses, including product orders. Except as expressly admitted above, paragraph 3 is denied.

1

4. States that paragraph 4 of the Amended Complaint asserts a legal position to which no response is required and is therefore denied.

5. Admitted.

6. States that paragraph 6 of the Amended Complaint asserts a legal position to which no response is required and is therefore denied.

7. Admitted.

8. Infogest is informed and believes that the Data Marketing Group is a corporation as alleged and that its principal place of business is as alleged. The remaining allegations are denied.

9. Infogest is informed and believes that the allegation in paragraph 9 is true.

10. Infogest is and was a corporation organized and existing under the laws of the province of Quebec, Canada. In all other respects denies the allegations of paragraph 10 of the Amended Complaint.

11. Infogest admits that Mary Thanos was an Infogest employee. In all other respects. Infogest denies the allegations in paragraph 11 of the Amended Complaint.

12. Infogest admits that Daniel Sousse was an Infogest employee. In all other respects. Infogest denies the allegations in paragraph 12 of the Amended Complaint.

13. Infogest admits that Phillip Lett was an Infogest employee. In all other respects. Infogest denies the allegations in paragraph 13 of the Amended Complaint.

14. Infogest lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Amended Complaint.

15. Infogest lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Amended Complaint.

16.     Infogest lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Amended Complaint.

17.     Infogest lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Amended Complaint.

18.     Denied.

19.     Infogest admits that Destiny Research Center sends direct mail through the United States Postal Service to individuals throughout the United States, and that some such mailings contain content that promotes Maria Duval and Patrick Guerin.  Some of the mailings offer goods or services for purchase and that consumers who purchase products or services are sent additional solicitations.  In all other respects, Infogest denies the allegations of paragraph 19.

20.     Infogest is and was a corporation organized and existing under the laws of the province of Quebec, Canada.  In all other respects denies the allegations of paragraph 20 of the Amended Complaint.

21.     Denied.

22.     Denied.

23.     Infogest lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Amended Complaint.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30. Denied.

31. Denied.

32. Denied.

34. Denied.

35. Infogest admits that some solicitations contain an order form and return envelope pre-addressed to Destiny Research Center and admits that responsive mail is forwarded by CMRAs located in Nevada and Illinois to Data Marketing Group. In all other respects, Infogest denies the allegations of Paragraph 35.

36. Infogest admits that Data Marketing Group opens incoming mail, enters the names, addresses and orders of consumers who respond with payments into a database, and reviews consumer refund requests, and that these services are known as "caging" services. In all other respects, Infogest denies the allegations of paragraph 36.

37. Denied.

38. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 38.

39. Denied.

40. Infogest admits that a third-party fulfillment company sends products to customers who order them and that such customers may also be sent additional direct mailings, and in all other respects denies the allegations of Paragraph 40.

41-42. Denied.

43. Denied.

44. Infogest refers to Exhibit C for its full content and context, and admits that such letters were sent to individuals. In all other respects, Infogest denies the allegations of paragraph 44.

45. Denied.

46. Infogest refers to Exhibit C for its full content and context and admits that such letters were sent. In all other respects, Infogest denies the allegations of paragraph 46 of the Amended Complaint.

47. Admitted.

48. Infogest lacks knowledge and information sufficient to form a belief as to the allegation that Data Marketing Group throws green envelopes returned by consumers into the trash without opening them, and in all other respects denies the allegations of paragraph 48.

49. Denied.

50. Denied.

51. Denied.

52. Re-alleges and incorporates by reference Infogest's responses to paragraphs 1 through 51 above.

53. States that paragraph 53 of the Amended Complaint asserts legal positions to which no response is required and are therefore denied, and in all other respects denies the allegations of paragraph 53.

54. States that paragraph 54 of the Amended Complaint asserts legal positions to which no response is required and are therefore denied, and in all other respects denies the allegations of paragraph 54.

55. States that paragraph 55 of the Amended Complaint asserts legal positions to which no response is required and are therefore denied.

## AFFIRMATIVE DEFENSES

Without admitting that Infogest bears the burden of proof on any issue, Infogest asserts the following defenses:

### First Affirmative Defense

The Amended Complaint is barred in whole or in part because Plaintiff fails to state a claim for relief.

### Second Affirmative Defense

The Amended Complaint is barred in whole or in part because the relief sought by Plaintiff is an unconstitutional prior restraint.

### Third Affirmative Defense

The Amended Complaint is barred in whole or in part by the First Amendment of the U.S. Constitution

### Fourth Affirmative Defense

The Amended Complaint is barred in whole or in part by Plaintiff's failure to join a necessary party.

### Fifth Affirmative Defense

The Amended Complaint is barred in whole or in part because this Court lacks personal jurisdiction over Infogest.

### Sixth Affirmative Defense

The Amended Complaint is barred in whole or in part under the doctrine of forum non conveniens.

### Seventh Affirmative Defense

The Amended Complaint is barred in whole or in part because there is no probability of irreparable harm.

### Eighth Affirmative Defense

The Amended Complaint is barred in whole or in part because the relief sought by Plaintiff is not narrowly tailored to address the alleged harm.

**Ninth Affirmative Defense**

The Amended Complaint is barred in whole or in part because the relief sought by Plaintiff is impermissibly vague.

Dated: February 12, 2016

Respectfully submitted,

MANATT, PHELPS & PHILLIPS, LLP

*s/* Arunabha Bhoumik
Kimo S. Peluso
Arunabha Bhoumik
MANATT, PHELPS & PHILLIPS, LLP
7 Times Square
New York, NY 10036
KPeluso@Manatt.com
ABhoumik@Manatt.com
(212) 790-4500

*Attorneys for Defendant*
9097-9394 Quebec Inc. d/b/a Infogest Direct Marketing, incorrectly sued as 9097 9394 Infogest, Quebec Inc.